# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 26-** |
| **v.** | : | **DATE FILED:** |
| **HASIYNA CARROLL** | : | **VIOLATIONS:** |
| | | 18 U.S.C. § 1341 (mail fraud – 7 counts) |
| | : | 18 U.S.C. § 641 (theft of government money – 1 count) |
| | : | Notice of forfeiture |

## INFORMATION

### COUNTS ONE THROUGH SEVEN
(Mail Fraud)

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

### INTRODUCTION

1.      Defendant HASIYNA CARROLL was a resident of Philadelphia, Pennsylvania who was, at times, a salaried employee of a hospital and mortgage company, and was also unemployed and received unemployment compensation from the Commonwealth of Pennsylvania.

2.      Timeeka Loud, charged elsewhere, was a tax return preparer.

3.      Gifted Queen LLC ("Gifted Queen") was a limited liability company formed by defendant HASIYNA CARROLL on or about July 30, 2020. Gifted Queen's purported purpose was to be a non-profit entity helping at-risk women. Defendant CARROLL did not report wages paid to employees of Gifted Queen on any income tax returns that she filed for tax years 2020 through 2023.

4.      Uzuri by Nature LLC ("Uzuri") was a limited liability company formed by defendant HASIYNA CARROLL on or about September 22, 2020. Uzuri's purported business purpose was beauty and health services. Defendant CARROLL did not report wages paid to employees of Uzuri on her 2020 and 2023 income tax returns. For tax year 2021, she reported $650 in gross receipts and $3,000 in wages paid to Uzuri employees. She did not file an income tax return for 2022.

**The COVID-19 Relief Tax Credits**

5.      The Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), enacted on March 27, 2020, provided for an employee retention credit ("ERC") designed to encourage businesses to retain employees on their payroll during the COVID-19 pandemic. The Taxpayer Certainty and Disaster Tax Relief Act of 2020 and the American Rescue Plan Act ("ARPA") modified and extended the ERC.

6.      For calendar year 2020, eligible employers were authorized to claim an ERC offsetting certain employment taxes that could not exceed 50 percent of up to $10,000 of qualified wages paid to each employee from March 13, 2020 through December 31, 2020. The maximum ERC was $5,000 per employee for calendar year 2020. For calendar year 2021, eligible employers were authorized to claim an ERC offsetting certain employment taxes that could not exceed 70 percent of up to $10,000 of qualified wages paid to each employee during each quarter. The maximum ERC was $7,000 per employee per quarter for calendar year 2021.

7.      Generally, businesses and tax-exempt organizations that qualified for the ERC were those that: (a) were shut down during 2020 or the first three calendar quarters of 2021 by government order due to the COVID-19 pandemic; (b) experienced a specified decline in

gross receipts during the eligibility periods during 2020 or the first three calendar quarters of 2021; or (c) qualified as a recovery startup business for the third or fourth quarters of 2021.

8.     The Families First Coronavirus Response Act provided for eligible employers to receive refundable tax credits for wages paid to employees while on sick leave to recover from any injury, disability, illness, or condition resulting from COVID-19 or wages paid to employees while on family leave to care for a family member who was injured, disabled, ill, or otherwise suffering from a condition due to COVID-19. These credits were called the Qualified Sick and Family Leave ("QSFL") credit.

9.     Employers were entitled to receive a dollar-for-dollar QSFL credit for qualified wages paid to an employee, plus allocable health plan expenses and the employer's share of Medicare taxes, while the employee was on sick leave resulting from COVID-19. This QSFL credit was limited to up to ten days of sick leave per employee for the period ending March 31, 2021. That resulted in a maximum credit of $5,110 per employee for that period. The ARPA provided an identical credit for the period from April 1, 2021 through September 31, 2021, with an identical maximum of $5,110 in QSFL credits per employee.

10.     Employers were also entitled to receive a QSFL credit of up to two-thirds of the qualified wages paid to an employee while the employee was on family leave to care for a family member suffering from a condition resulting from COVID-19, plus allocable health plan expenses and the employer's share of Medicare taxes. For the period ending March 31, 2021, this credit was limited to up to $200 per day for up to ten weeks, resulting in a maximum eligible credit of $10,000 per employee. The ARPA provided an identical credit for the period April 1, 2021 through September 30, 2021, and extended the length of family leave to twelve weeks, thereby raising the maximum QSFL eligible credit for that period to $12,000 per employee.

**Form 941 Filings**

11.    ERC and QSFL credits (referred to collectively as "COVID-19 related tax credits") were claimed by employers by filing an Employer's Quarterly Federal Tax Return, Form 941, or an Adjusted Employer's Quarterly Federal Tax Return or Claim of Refund, Form 941X (collectively and interchangeably, "Form 941," "Forms 941," or "Form 941s"), with the IRS for the relevant quarter or quarters.

12.    Forms 941 reported the business name, its address, and the employer's Employer Identification Number ("EIN"), also known as the Federal Employer Identification Number or the Federal Tax Identification Number. The Form 941s also reported the number of employees that the business had and the wages paid by the business during that quarter.

13.    Critically, in order to qualify for the ERC and related QSFL credit, the filing business must have paid employees during certain quarters during the COVID-19 pandemic. Moreover, for the QSFL credit, the filing business must have paid sick or family leave wages. Employers were not eligible to receive both the ERC and QSFL credit with respect to the same wages.

14.    Employers that paid sick and family leave wages in quarters in 2020, 2021, 2022, and 2023 for leave that employees took after March 31, 2020, and before October 1, 2021, were eligible to claim a credit for qualified sick and family leave wages on Forms 941 for the quarters in which those qualified wages were paid.

15.    For the COVID-19 related credits, based on the amounts reported on the Form 941, the U.S. Treasury issued a check in the name of the employer identified on the Form 941 and mailed the check to the employer's address as it appeared on the Form 941. Each Form 941 represented a separate claim to the government.

16.     The IRS relied on the information reported on the Form 941 filed for each quarter, or for each quarter in the event Form 941 was filed late, about the purported business' existence, number of employees, and wages paid to the employees to make the credit payments to employers.

17.     Forms 941 could be electronically filed with the IRS using tax preparation websites, such as, in this case, TaxBandits.

18.     TaxBandits was a legitimate commercially available tax preparation software provided by SPAN Enterprises. TaxBandits was an on-line application primarily used to file Forms 941 with the IRS. The TaxBandits program captured a range of information about each Form 941 user and transaction. TaxBandits records identified: (i) the nature of each individual activity (*e.g.*, creating an account; updating information; adding credit card information; and transmitting to IRS); (ii) the dates and time stamps of the activity; (iii) the Internet Protocol ("IP") address from which the activity originated; and (iv) the type of device and web browser used to access the TaxBandits software.

19.     Upon receipt of each Form 941, TaxBandits sent an email to the submitter of the Form 941 and to the individual/entity that was identified as the employer on each Form 941. These emails included a link for four documents: a copy of the Form 941, a copy of Form 8453 (E-File Declaration for Employment Tax Return), an online filing acceptance letter, and a receipt for payment of the TaxBandits filing fee.

## THE SCHEME

20.    From in or about mid-2022 to in or about mid-2023, in the Eastern District of Pennsylvania, and elsewhere, defendant

## HASIYNA CARROLL,

together with co-schemer Timeeka Loud, devised and intended to devise a scheme to defraud the IRS and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

It was a part of the scheme that:

### Gifted Queen Filings

21.    On or about June 26, 2022, defendant HASIYNA CARROLL and Timeeka Loud filed and caused to be filed false Form 941s for Gifted Queen for the second, third, and fourth quarters of 2020 and the first through the fourth quarters of 2021, seeking fraudulent refundable credits. These forms falsely stated, among other things, that Gifted Queen had three employees.

22.    On or about April 7, 2023, defendant HASIYNA CARROLL and Timeeka Loud filed and caused to be filed false Form 941s for Gifted Queen for the first through the fourth quarters of 2022, seeking fraudulent refundable credits. These forms falsely stated, among other things, that Gifted Queen had three employees.

23.    On or about October 19, 2023, defendant HASIYNA CARROLL and Timeeka Loud filed and caused to be filed false form 941s for Gifted Queen for the first, second, and third quarters of 2023, seeking fraudulent refundable credits. These forms falsely stated, among other things, that Gifted Queen had three employees.

24.    In total, over this period, defendant HASIYNA CARROLL and Timeeka Loud sought approximately $2,029,764.86 in fraudulent ERC/QSFL refundable credits and approximately $1,890,099.01 in fraudulent tax refunds in the name of Gifted Queen.

25.    As a result of the filing of the false Forms 941 for the second, third, and fourth quarters of 2020 and the first, second, and third quarters of 2021, defendant HASIYNA CARROLL and Timeeka Loud caused the IRS to issue six U.S. Treasury checks that totaled approximately $815,814.09 to Gifted Queen. Pursuant to the information entered on the fraudulent Forms 941, the IRS mailed these checks to defendant CARROLL at her address in Philadelphia, Pennsylvania.

**Uzuri Filings**

26.    On or about June 25, 2022, defendant HASIYNA CARROLL and Timeeka Loud filed and caused to be filed false Form 941s for Uzuri for the first through the fourth quarters of 2021, seeking fraudulent refundable credits. These forms falsely stated, among other things, that Uzuri had three employees.

27.    On or about October 19, 2022, defendant HASIYNA CARROLL and Timeeka Loud filed and caused to be filed false Form 941s for Uzuri for the first, second, and third quarters of 2022, seeking fraudulent refundable credits. These forms falsely stated, among other things, that Uzuri had three employees.

28.    On or about September 28, 2023, defendant HASIYNA CARROLL and Timeeka Loud filed and caused to be filed false Form 941s for Uzuri for the first and second quarters of 2023, seeking fraudulent refundable credits. These forms falsely stated, among other things, that Uzuri had three employees.

29.     On or about October 4, 2023, defendant HASIYNA CARROLL and Timeeka Loud filed and caused to be filed a false Form 941 for Uzuri for the third quarter of 2023, seeking fraudulent refundable credits. This form falsely stated, among other things, that Uzuri had three employees.

30.     In total, over this period, defendant HASIYNA CARROLL and Timeeka Loud sought approximately $2,011,507.60 in fraudulent ERC/QSFL refundable credits and approximately $1,869,625.66 in fraudulent tax refunds on behalf of Uzuri.

31.     As a result of the filing of the false Form 941 for the third quarter of 2022, defendant HASIYNA CARROLL and Timeeka Loud caused the IRS to issue a U.S. Treasury check that totaled approximately $184,480.76 payable to Uzuri by Nature LLC on or about November 29, 2022. Pursuant to the information entered on the fraudulent Form 941, the IRS mailed the check to defendant CARROLL at her address in Philadelphia, Pennsylvania.

### Refund Checks and Bank Activities

32.     On or about November 15, 2022, defendant HASIYNA CARROLL opened an account at WSFS Bank in the name of Gifted Queen. Beginning on or about November 17, 2022, through on or about July 7, 2023, defendant CARROLL deposited six U.S. Treasury checks payable to Gifted Queen that were issued on October 4, 2022 into the account.

33.     On or about December 13, 2022, defendant HASIYNA CARROLL opened an account in the name of Uzuri at TD Bank and deposited a U.S. Treasury check in the amount of approximately $184,480.76 made payable to Uzuri into the account.

34.     With the proceeds of the fraudulently-obtained U.S. Treasury refund checks, defendant HASIYNA CARROLL paid Timeeka Loud approximately $150,886 and used the remaining funds to make numerous cash withdrawals and luxury purchases at Louis Vuitton,

8

Givenchy, Saks Fifth Avenue, Neiman Marcus, Hermes, and Nordstrom. Defendant CARROLL

also made numerous purchases related to travel and a 2024 Honda CRV.

35.    On or about the dates set forth below, in Philadelphia, in the Eastern

District of Pennsylvania, and elsewhere, defendant

**HASIYNA CARROLL**,

for the purpose of executing the scheme described above, knowingly caused to be delivered by

mail according to the directions thereon the mailings described below for each count, each

mailing constituting a separate count, delivered from Kansas City, Missouri to Philadelphia,

Pennsylvania:

| Count | Tax Period | Approx. Mailing Date of U.S. Treasury Check | Business Entity | Approx. Amount of Check Issued |
|---|---|---|---|---|
| 1 | 2Q20 | 10/04/22 | Gifted Queen | $128,079.61 |
| 2 | 3Q20 | 10/04/22 | Gifted Queen | $128,079.61 |
| 3 | 4Q20 | 10/04/22 | Gifted Queen | $128,079.61 |
| 4 | 1Q21 | 10/04/22 | Gifted Queen | $166,678.86 |
| 5 | 2Q21 | 10/04/22 | Gifted Queen | $132,448.20 |
| 6 | 3Q21 | 10/04/22 | Gifted Queen | $132,448.20 |
| 7 | 3Q22 | 11/29/22 | Uzuri | $184,480.76 |

All in violation of Title 18, United States Code, Section 1341.

9

## COUNT EIGHT
### (Theft of Government Money)

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1.      Paragraphs 1 through 19 and 21 through 34 of Count One are incorporated here.

2.      From in or about mid-2022 to in or about mid-2023, in the Eastern District of Pennsylvania, and elsewhere, defendant

### HASIYNA CARROLL

stole, purloined, and knowingly converted to her own use a thing of value of the United States in the amount of over $1,000, that is, U.S. Treasury checks made payable to Gifted Queen and Uzuri by Nature totaling approximately $1,000,294.85.

In violation of Title 18, United States Code, Section 641.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Sections 1341 and 641, set forth in this information, defendant

**HASIYNA CARROLL**

shall forfeit to the United States of America any property, real or personal, constituting, or derived from, proceeds obtained traceable to such violations, including, but not limited to $1,000,294.85.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (a) has been transferred or sold to, or deposited with, a third party;

    (b) has been placed beyond the jurisdiction of the Court;

    (c) has been substantially diminished in value; or

    (d) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

11

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

**DAVID METCALF**
**UNITED STATES ATTORNEY**

*No.*_ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

**THE UNITED STATES OF AMERICA**

**vs.**

**HASIYNA CARROLL**

**INFORMATION**

Counts

18 U.S.C. § 1341 (mail fraud – 7 counts)

18 U.S.C. § 641 (theft of government money – 1 count)

Notice of Forfeiture

A true bill.

_____
Foreman

Filed in open court this _____day,
Of _____A.D. 20_____

_____
Clerk

Bail, $_____